■ In the Matter of C. VAUGHN LEWIS, Petitioner, v. ARTHUR CORNELIUS, JR., as Superintendent of State Police, Respondent.— Proceeding under article 78 of the Civil Practice Act to review a determination of the Superintendent of State Police which dismissed petitioner from his position as a State Trooper, upon finding that each of the eight charges of misconduct preferred against him had been established. The charges, other than No. 4, are that petitioner made false statements to obtain personal leave; that he accepted free transportation on a common carrier; that by taking leave (on a second occasion) without advance notice or permission, while causing to be subsequently submitted an unsatisfactory statement of a physician that he was in a run-down condition and required one to four weeks' rest, he abused sick leave privileges and took unauthorized leave; that he failed to notify his troop or detail commander of his illness, notification thereof to barracks by a relative shortly after his departure for Florida by automobile being found insufficient since there was nothing about his condition to prevent his personally advising his superior officer; that he failed to obey the lawful command and order of a commissioned officer that he return for physical examination to determine the necessity of sick leave; that he failed to perform his duties during the basic work week; and that he was absent from duty from June 23, 1962 to July 7, 1962 without the permission or approval of his commanding officer. The findings upon these charges are supported by substantial evidence and would warrant the punishment imposed. Nevertheless, argues petitioner, if charge No. 4 was not also sustained by the proof we would be obliged to remit, since it could not be determined whether the Superintendent would have imposed the same punishment had charge No. 4 been dismissed and had the trial been free from the alleged prejudicial effect of the evidence tendered in support of it. That charge was, in essence, that certain acts of petitioner while in Florida, arising out of matrimonial differences, and of which petitioner's wife complained to Florida police authorities, were " such as would tend to and did bring discredit on the New York State Police and constituted a violation of Article 8, Section 8.41 of the New York State Police Rules and · Regulations ". The acts alleged were those supposedly reported by the wife, as stated in a report of investigation by the Sheriff of Duval County, Florida, which was offered in evidence, objected to and thereupon excluded, but subsequently set forth in the findings. As respects charge No. 4, the findings are not in the clearest possible form but it may fairly be said that the hearing officer found that petitioner committed the acts of which his wife complained. The hearing officer was warranted in so finding, not by assigning probative effect to the report itself but upon the testimony of petitioner and his wife. The latter testified in behalf of her husband and was cross-examined in some detail as to the statements attributed to her by the report and, except as to one or two of them, conceded their truth; and agreed, further, that the report was " substantially " correct. Although charge No. 4 and the subsequent findings thereon might well have been framed with greater technical skill

and without reference to the report as furnishing any evidentiary basis, the underlying facts were sufficiently established by competent proof, and by the reasonable inferences therefrom, thus warranting the findings made and the conclusions stated. Determination confirmed, without costs. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.